## The State *v.* Boyles.

The statute of 1842, applying certain funds to purposes of education, is constitutional.

If an indictment, under that statute, be against a justice of the peace for not paying over fees, &c., on the first Monday of *August* of a certain year, it must aver that the fees were received by him *prior* to the first Monday of *August* of the preceding year.

And if the indictment, under said statute, be against the justice for not making an affidavit that he had no fees, &c., it should aver that no such fees came to his hands, &c.

ERROR to the *Vermillion* Circuit Court.

SULLIVAN, J.—Indictment for official negligence as a justice of the peace. The indictment contains two counts. The first count charges that the defendant being a justice of the

peace was, on the first Monday of *August*, 1841, possessed of certain fees belonging to certain witnesses, &c., which had not been demanded of him by said witnesses, &c., nor received by them on the first Monday of *August*, 1842, and that being so possessed of said fees, he did, on the said first Monday of *August*, 1842, and for ten days thereafter, unlawfully, &c., neglect and refuse to pay the same over to the school-commissioner of the county of *Vermillion*, to the damage, &c. The second count charges the defendant with failing, neglecting, and refusing, to file with the auditor of said county on the first Monday of *August*, 1842, and within ten days thereafter, an affidavit that no fees belonging to any witness, &c., remained and was in the hands of the defendant, and which had been received by him prior to the first Monday of *August*, 1841, and not demanded or received by them, &c. The Circuit Court quashed both counts of the indictment, and the state prosecutes this writ of error.

The statute upon which this indictment is founded, (Acts of 1842, p. 131,) provides in the first section, that the clerks of the Circuit and Probate Courts, and all justices of the peace in this state, shall, on the first Monday in *August* in each year, or within ten days thereafter, pay over to the school-commissioner of their respective counties, who shall receipt therefor, all such fees as may have come into their hands respectively, by virtue of their several offices, at any time prior to the preceding first Monday in *August*, for any witness, &c., which shall not have been duly demanded and received out of the hands of such officer by the person for whom the same may have been received. The second section directs the clerks and justices, within said ten days, to file with the auditor of the proper county the school-commissioner's receipt, accompanied by a schedule of the fees paid over verified by oath, and then enacts that, in case such clerks or justices may have no fees in their hands on the first Monday in *August* liable to be paid over, they shall in like manner file an affidavit of that fact within the ten days aforesaid. The third section makes it indictable to fail, neglect, or refuse, to comply with the foregoing provisions of the statute.

We do not perceive that there is any force in the objection to the indictment, that it is founded on an unconstitutional statute. The clerks and justices, while the fees remain in their hands, hold them in trust and for the use of the persons entitled to them. If the legislature think proper to appoint another depositary, the public treasury for example, or, as in this case, the school-commissioner, by whom the fees shall be safely kept until demanded by the person entitled to them, it is competent for it to do so. No right or confidence is impaired by such legislation.

We are of opinion, however, that the first count of the indictment does not set out an indictable offence. The offence consists in failing, neglecting, or refusing, to pay to the school-commissioner on the first Monday of *August* annually, or within ten days thereafter, any fees that may have come to the hands of the clerk or justice *prior* to the first Monday of *August* preceding the time fixed for the annual payment. If the fees were received *on* or subsequent to that day, the statute does not require that they should be paid over on the first Monday of *August* next succeeding. The charge in the indictment is, that *on* the first Monday of *August*, 1841, the defendant was possessed of certain fees, and that he failed to pay them over on the first Monday of *August*, 1842, or within ten days thereafter. An averment that he was possessed of fees *on* the day first named, is not an averment that he was possessed of them *prior* to that day.

The second count is also insufficient. It should have alleged that no such fees came to the hands of the defendant, for in that event only was he liable for not making an affidavit to that effect. It does not appear from the count, but that the defendant may have paid over to the school-commissioner all the money in his hands which he was required by law to pay, and that he had filed his receipt with the auditor, accompanied by the proper schedule and affidavit. If he did so, he was guilty of no offence in not filing an affidavit that no fees had come to his hands. It is a general rule, that all indictments upon statutes must state all the circumstances which make up the definition of

the offence, so as to bring the defendant within it. C. L. 281. This has not been done in this case. 1 Chitt.

*Per Curiam.*—The judgment is affirmed.

*J. P. Usher*, for the state.

*A. Kinney* and *S. B. Gookins*, for the defendant.