The State v. Record.

THE STATE v. RECORD.

CRIMINAL LAW.—*Failure of Officer to do his Duty.—Clerk.—Indictment.*—An indictment against the clerk of a circuit court, for failing to pay over, to the proper officer, fines, jury fees and unclaimed witness fees, assessed during the year preceding the finding of the indictment, and collected by him, must allege that such funds were collected by him previous to the first day of the month of January immediately preceding.

SAME.—*Failure to Pay Over Docket Fees.*—Where such indictment is for the failure of such clerk to pay over docket fees collected by him, it must be alleged that such fees had been collected by him more than thirty days prior to the time at which it is alleged he should have paid them over, but failed so to do.

SAME.—*Conclusion of Law.*—In either of such cases, an allegation that such funds are "due and owing to the State of Indiana," can not supply such necessary allegations, as it is but averring a conclusion of law.

SAME.—*Common Law.—The Code.*—By the code of this State, an indictment must contain all the substantial averments necessary to render it sufficient at common law.

From the Morgan Circuit Court.

*Jordan & Mitchell* and *Grubbs & Parks*, for appellee.

*A. M. Cunning*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against a clerk of a circuit court, under sec. 63, 2 R. S. 1876, p. 477, for

failing to pay 'over certain moneys collected by him for fines, jury fees, docket fees and unclaimed witness fees.

The indictment charges, that on the 23d day of February, 1876, the defendant was, and for more than two years previously had been, clerk of the circuit court of Morgan county. That, during the two years immediately preceding the said 23d day of February, 1876, the defendant, as such clerk, from time to time, collected and received the aggregate sum of fifteen hundred and thirty-nine dollars, for fines, for jury fees, for court docket fees, and for unclaimed witness fees, which said sum of money, on said 23d day of February, 1876, belonged, and was due and owing, to the State of Indiana.

That on said 23d day of February, 1876, the Attorney General of the State of Indiana, as the agent of said State, demanded said sum of money of the defendant, and that said defendant unlawfully failed, refused and neglected to pay over the same, or any part thereof, to said Attorney General, or to any other officer authorized by law to receive the same; but, on the contrary, unlawfully converted said sum of money to his own use.

A motion to quash the indictment was sustained in the court below, to which an exception was reserved by the State, and there was a judgment discharging the defendant.

The sufficiency of the indictment, therefore, is the only question we have to consider.

The act defining some of the duties of a clerk of a circuit court provides, that such clerk shall, on or before the 1st day of January of each year, make out and file with the treasurer of the county a complete list of all fines, jury fees, and witness fees assessed during the preceding year and remaining unclaimed for a year, the amount collected, and of whom, to the truth of which he shall take and subscribe an oath, to be thereto attached and administered by such treasurer; and shall pay to such

treasurer, upon the receipt thereof, all money so collected. 2 R. S. 1876, p. 17, sec. 7.

The act authorizing the taxation of docket fees to the losing party in certain cases also provides, that each clerk of a circuit court, within thirty days after the collection of the same, shall pay to the treasurer of his county all docket fees received by him on account of the business of such court. 1 R. S. 1876, p. 776, sec. 6.

We are informed by counsel that it was objected to the indictment, in the court below, that it did not allege that the fines, jury fees and witness fees, which the defendant failed, refused and neglected to pay over, were collected by him previous to the 1st day of January, 1876, and that the docket fees were collected by him more than thirty days before the said 23d day of February, 1876. And that it was for the want of such allegations that the indictment was held insufficient.

It is insisted by counsel for the State that the averment in the indictment, that the money realized from such fines, jury fees, docket fees and witness fees, was " due and owing " to the State of Indiana on said 23d day of February, 1876, was the equivalent of the allegations thus omitted, and supplied any defect which might otherwise have existed on account of their omission.

We regard that averment, however, as a conclusion of law, merely, and not as equivalent to a statement of the facts from which such a conclusion might be drawn.

It is not sufficient to charge in an indictment, that the defendant has committed a certain specified crime. It must be stated how he committed the crime, by reciting the facts and circumstances constituting the offence. 2 Strange, 849 ; 2 Hale P. C. 185.

Although as great certainty is not required in many respects, in the mere description of criminal offences, as formerly, yet all the substantial allegations, necessary to make an indictment good at common law, are still required. *Dillon* v. *The State*, 9 Ind. 408.

In order to have placed the defendant in default, in relation to the money received by him from fines, jury fees and unclaimed witness fees, we think the indictment should have shown that it, or some portion of it, came into his hands prior to the 1st day of January, 1876. As regards the money derived from the docket fees, we think it ought to have been shown [that it, or some portion of it, was collected by him thirty days or more before payment of it was demanded. Upon these points nothing definite was averred in the indictment, and nothing was given from which an inference might have been fairly drawn, fixing any time at which any of the money was received by the defendant. For that reason we are of the opinion that the indictment was not sufficient. *The State* v. *Boyles*, 7 Blackf. 90.

All the substantial averments in the indictment may have been true, without the defendant having committed an indictable offence. In such a case, the indictment can not be sustained.

The judgment is affirmed.