State *v.* Pasco. ·

THE STATE *v.* PASCO.

[No. 17,672.    Filed October 10, 1899.]

CRIMINAL LAW.—*Failure to Weigh Coal Before Screening.*—*Indictment.*—An indictment under §§5 and 7 of the act of March 2, 1891 (Acts 1891, p. 57), which charges that defendant did "unlawfully fail to weigh said coal as it came from said mine before the same was screened, but, on the contrary, did then and there weigh the same after it had been screened," without disclosing by clear and positive averments some intended or executed purpose affecting the rights of the miners, states no offense. *p. 215.*

SAME.—*Failure to Weigh Coal Before Screening.*—*Indictment.*—*Mining Boss.*—An indictment under §§5 and 7 of the act of March 2, 1891 (Acts 1891, p. 57), charging that defendant was a "mining boss" without charging that he exercised the duties of an "owner, operator, agent, lessee, superintendent, or bank boss," is not sufficient to withstand a motion to quash. *p. 216.*

From the Greene Circuit Court. *Affirmed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, W. L. Slinkard* and *A. E. Dickey,* for State.

*Emerson Short,* for appellee.

HADLEY, J.—Appellee, Pasco, was indicted under the provisions of the act 1891, (Acts 1891, p. 57, §§7465, 7467 Burns 1894), which read as follows:

"That all coal mined in this state under contract for payment, by the ton or other quantity, shall be weighed before being screened, and the full weight thereof shall be credited to the miner of such coal, and eighty pounds of such coal as mined shall constitute a bushel, and two thousand pounds of coal as mined shall constitute a ton:   *Provided,* That nothing in this act shall be so construed as to compel payment for sulphur, rock, slate, blackjack or other impurities, including dirt, which may be loaded with, or amongst the coal.

"That any owner, operator, agent, lessee, superintendent or bank boss, who shall violate the provisions of section five (5) and six (6) of this act, shall upon conviction thereof be

fined in any sum not less than one hundred ($100) dollars for each and every day during which such a violation shall continue."

Pasco's motion to quash the indictment was sustained, and the State appeals. The substance of the indictment follows: that "James Pasco, on the 20th day of April, 1894, was then and there the mine boss of Buckeye Mine then and there situate in said county and State; that said mine was then and there being operated; that on said day there was mined in said mine, and in said mine already mined, 400 tons of coal then and there under contract for payment by the ton at and for the price of seventy-five cents per ton; that said James Pasco did then and there unlawfully fail to weigh said coal as it came from said mine before the same was screened, but on the contrary did then and there weigh the same after it had been screened in violation of section five," etc.

The gravamen of the offense defined in §7465 is the failure of the responsible party to credit the diggers, who work for a price per ton, or other quantity, with the weight before screening, of the coal mined by them. Unless the purpose of the weighing is to ascertain the basis for settlement with those who mined the coal, the law is not offended by weighing it after screening; nor is the weighing of it before screening commanded, only when it is a necessary means to credit correctly the miners with the full amount mined by them. Once weighed before screening, and properly credited to the miners, the law takes no further account of any subsequent weighing. It is, then, the weighing and crediting to the miners the full weight of the coal mined by them that is required by the statute, and to make a charge sufficient thereunder it is essential, as in all other criminal pleading, that the indictment state the offense by clear and positive averments. *Shaffer* v. *State*, 82 Ind. 221, 227; *McLaughlin* v. *State*, 45 Ind. 338, 341. The allegation that Pasco failed to weigh the coal before it was screened and did weigh it after it was screened, without disclosing some intended or

executed purpose affecting the rights of the miners, states no offense.   For anything that appears in the indictment, the miners might have previously received their proper weight and credit, and the failure to weigh complained of may have no relation to the accounts of those who mined the coal.   A defendant to a criminal charge can not be required to plead to such uncertainty.

And there is another infirmity in the indictment equally fatal.   It is charged that Pasco was a *mining* boss.   Mining boss is not one of the classes made amenable to the statute. He is not described as being authorized to exercise the powers of an owner, operator, agent, lessee, superintendent or bank boss.   He must be one or the other, or act as within one or the other of these classes, or he is not under the ban of the statute.

It is not averred that it was his duty to weigh the coal before it was screened, or that he had any authority to weigh it; nor what his duties really were as mining boss.   For aught that is alleged, it might have been the duty of his employment to weigh the coal after it was screened and fitted for market. The substantial fact is left to conjecture, and conjecture can not serve as a basis for an indictment.   *Greene* v. *State*, 79 Ind. 537, 539.

The constitutionality of the statute under which this prosecution is brought is argued at length, but, under the well established rule of this court, we will not consider it, as the case can be fully disposed of upon other grounds.

The motion to quash the indictment was properly sustained. Judgment affirmed.