## CLARK *v.* THE STATE.

[No. 20,702.   Filed March 14, 1906.]

1. INDICTMENT AND INFORMATION.—*Bunko-Steering.*—*Cards.*—An indictment charging that defendant by means of a device known as "three-card monte" feloniously induced and compelled the prosecuting witness to part with $5,000 to defendant upon the prosecuting witness's ability to describe and define the face of one of the cards thrown down, is not sufficient as a charge of bunko-steering under §2178 Burns 1901, §2083 R. S. 1881, since it shows no wager by the prosecuting witness on the result of the trick whereby he lost the money.   p. 288.

2. SAME.—*Fraud.*—*How Charged.*—An indictment charging that defendant by means of a fraudulent trick and by means of his fraudulent manner induced the prosecuting witness to lose $5,000, is bad, since the facts constituting the fraud are not shown.   p. 290.

From St. Joseph Circuit Court; *Lucius Hubbard,* Special Judge.

Prosecution by the State of Indiana against Thomas E. Clark. From a judgment of conviction, defendant appeals. *Reversed.*

*Meyer & Drummond,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

GILLETT, C. J.—The initial question in this case is the sufficiency of the first count of an affidavit and information which is evidently based on the section of the statute which defines bunko-steering.

Omitting the introductory averments of said charge, including that portion thereof which relates to the pretense upon which the prosecuting witness was allured, enticed and persuaded to the particular place, and it may be stated that it is charged that Thomas Edward Clark, "did then and there, by means of a fraudulent and deceitful trick and device known as 'three-card monte,' by means of certain playing cards, which he then

and there did hold in his hands and threw face downward, feloniously and by means of the delusive, fraudulent manner in which said cards were thrown, induce and compel said Henry Crofoot to part with to said Thomas Edward Clark $5,000 in lawful money of the United States, and of the value then and there of $5,000, upon his ability correctly to describe and define the face of one of the cards so thrown as aforesaid."

The statutory definition of bunko-steering, as set forth in §2178 Burns 1901, §2083 R. S. 1881, is as follows: "Whoever allures, entices, or persuades another to any place upon any pretense, and then, by duress or fraud, compels such person to win or lose or advance or loan money, or execute or give his note or other obligation either for money or anything of value, or to part with anything of value upon any game or wager, or by means of any trick, device, or artifice, is guilty of bunko-steering."

It can not be determined from the count under consideration that there was any wager laid by the prosecuting witness upon the game or what relation the game had to the loss of the money. It is true that it is charged that the prosecuting witness was induced and compelled to part with his money upon his ability correctly to describe and define one of the cards so thrown; and that it was by means of the delusive and fraudulent manner in which the cards were thrown that he was thus induced and compelled; but all of this stands for but little more than the conclusions of the pleader in the absence of some further allegation of fact showing that a wager was laid on the game by the prosecuting witness, or that he participated in it, or did something in reference to it. Although it is charged that he was induced and compelled to part with his money upon his ability correctly to describe or define the face of one of the cards, yet this is not sufficient to show, except by inference, whether he attempted to bring his supposed ability

into play in connection with said game, either by 2. laying a wager on it or otherwise. The latter part of the charge is deficient in averments of fact, and, in principle, its defects are the same as those which were condemned in *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789. The evidence of the State, we may observe, tended to show that the prosecuting witness parted with his money by a trick, device or artifice, within the latter words of the statutory definition, and that the playing of the game had nothing to do with his loss further than that it was an element in the plot whereby, his cupidity being tempted, he was led to produce his money, thus making it possible to victimize him afterwards.

Judgment reversed, with a direction to sustain appellant's motion to quash the first count of the affidavit and information, and for further proceedings not inconsistent with this opinion. The clerk will issue the proper notice for the return of the prisoner.