Terre Haute Brewing Co. v. State—169 Ind. 242.

---

# TERRE HAUTE BREWING COMPANY v. THE STATE.

[No. 21,027. Filed October 31, 1907.]

1. INDICTMENT AND INFORMATION. — *"Unlawfully" Maintaining Liquor House.—Nuisance.*—The word "unlawfully," as used in an indictment charging that defendants "did then and there * * * unlawfully erect, continue, use and maintain a certain building" for the unlawful sale of liquor, adds nothing to the indictment. p. 244.

2. INTOXICATING LIQUORS.—*Sales.—Wholesalers.*—Prior to 1907 wholesale dealers in liquors could lawfully sell, in quantities of five gallons or more, to other wholesalers, jobbers, retailers or consumers. p. 245.

3. INDICTMENT AND INFORMATION.—*Nuisance.—Sales of Intoxicating Liquors.*—An indictment charging that a wholesaler main-

tained a house wherein he sold liquors in quantities of five gallons and more to persons who were not retailers would be insufficient, even if it should be a crime to sell in such quantities to consumers, since the sales might have been to jobbers and other wholesalers.  p. 245.

4. INDICTMENT AND INFORMATION.—*Nuisance.*—*Keeping House for Sales of Liquor.*—An indictment charging defendant with keeping a house "for" the unlawful sales of liquors is not a charge that defendant did unlawfully sell liquors at such place.  p. 245.

5. SAME.—*Nuisance.*—*Selling Liquors Unlawfully.* — *Noise.* — *Immorality.*—An indictment charging defendant with unlawfully maintaining a nuisance consisting of a house wherein liquors were sold unlawfully and wherein great noise and offensive odors were permitted and immorality practiced, to the annoyance of the public, must allege the facts affirmatively, mere recitals being insufficient.  p. 246.

6. SAME.—*Sufficiency.*—*Purpose.*—An indictment should charge the facts with such certainty as to inform the defendant of the nature of the offense preferred and also to make the record show the crime for which he was put in jeopardy.  p. 246.

From Owen Circuit Court; *Henry A. Lee,* Special Judge.

Prosecution by the State of Indiana against the Terre Haute Brewing Company. From a judgment of conviction, defendant appeals. *Reversed.*

*O. Matthews, N. A. Whitaker* and *J. R. Miller,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *Henry M. Dowling,* for the State.

MONTGOMERY, J.—Appellant was convicted of erecting and maintaining a public nuisance. It is charged that the trial court erred in overruling appellant's motions (1) to quash the indictment, (2) for a new trial, (3) in arrest of judgment, and (4) to modify the judgment.

The indictment is in two counts, differing only in the fact that the second describes the premises with particularity. The first count, omitting the formal parts, is as follows: "That the Terre Haute Brewing Company, a corporation, and George Teagarden, late of said county and State aforesaid, did then and there and on divers other days before and since said time up to the date of making this pre-

sentment, unlawfully erect, continue, use and maintain a certain building at said county, to wit, on West Franklin street, commonly known as Railroad street, * * * in the town of Spencer, said county and State, at, near and among the dwelling-houses and residences of many and divers inhabitants of said town, which building is so erected, continued, used and maintained by the defendants as a pretended wholesale house, or barrel house, for the unlawful sale of beer and its delivery, distribution and consumption by persons not retailers of such liquor, and, that the use of said building for the transaction of the business aforesaid, as there so done, occasions noisome and offensive smells, which become injurious to the health, comfort and property of the individuals being and living at, near and about such property, and to the public, and causes hallooing, swearing, drinking, and lewd, lascivious acts of immorality on such premises and in and about such building, all the fault and by permission of the defendants, and causes the loading, unloading and delivery of beer for and on behalf and at the request of these defendants, whereby by reason of said facts so set out and each of them the property of the inhabitants there living is injured in value, their comfortable enjoyment of life prevented, and their health and the health and comfort of the public there passing along and upon such highway and street there situate endangered, while the free use of the property of said inhabitants is thereby obstructed and the comfortable enjoyment thereof prevented, to the great damage and common nuisance of all the inhabitants of said town and State there being and residing and passing through and along and upon said street.''

The gravamen of the offense attempted to be charged, as we interpret this pleading, was the conduct of an unlawful liquor business. The essence of the charge, in brief,

1. is that appellant erected, used and maintained a certain building as a wholesale house, or ''barrel house,'' for the unlawful sale of beer to persons not retailers of such

liquors.   The use of the word "unlawful" in this connection adds nothing to the force of the pleading.   The theory of the pleader appears to have been that a sale of five gallons or more of liquor by a wholesale dealer to a consumer would be a violation of the license laws of this State.   This assumption is clearly erroneous.   Sales of liquor in quantities of five gallons or over at a time may be lawfully made by wholesale dealers to any person, whether such person be another wholesaler, a jobber, retailer or consumer, without subjecting the seller to the provisions of our license laws.   *State* v. *Bock* (1906), 167 Ind. 559.

This indictment purports to charge only that purchasers were not retailers of beer, and in the most favorable view and upon the theory of the draughtsman would not be sufficiently comprehensive and specific to make such sales necessarily unlawful, since they may have been made to jobbers or wholesale dealers, and not to consumers.

This charge is merely that the building was kept for a certain purpose.   This is not equivalent to an averment that unlawful sales of liquor were in fact made, and an unlawful business carried on, therein.   If the statute denounced as a crime the keeping of a room for the sale of liquor without a license, the offense might be committed without a showing that customers were found and sales in fact made.   But crimes against the liquor license statutes in force at the time of preferring this charge consisted not in mere purpose and intention, but in making unlawful sales of liquor.   In order, therefore, to make it appear that appellant was engaged in an unlawful business, it should have been charged that, at the time and place mentioned, it made sales of liquor in less quantities than five gallons at a time, or made sales of liquor and suffered the same to be drank on the premises where sold, without a license so to do.

The remaining parts of the indictment appear to be incidental to the principal charge, but are set out by way of re-

cital, and their relation and government are not ap-
5. parent and cannot be determined by grammatical
rules. If appellant carried on its wholesale business
so carelessly and negligently as to make unnecessary noises,
or occasion noisome and offensive odors, the facts should
**have** been alleged and the charge specifically made. So,
also, if it permitted men and women of immoral and lewd
character to assemble and remain upon its premises, and to
engage in drinking, swearing and in acts of lasciviousness
and immorality upon such premises, to the annoyance of the
public, these facts should have been affirmatively charged.
It is manifest that the indictment comes far short of prop-
erly preferring any such charges. The facts constituting
an offense must be affirmatively averred, and not introduced
by way of recital only. They must be charged with such cer-
tainty as fully to inform the defendant of the nature
6. of the offense preferred against him, and to enable
the court and jury to understand distinctly what they
are to try, and to make the record show for what crime the
defendant was put in jeopardy. Ambiguity and uncer-
tainty in charging an offense, when made the ground of a
motion to quash, must be taken most strongly against the
State. The affirmative allegations do not charge a criminal
offense, and are not aided or strengthened by the subsequent
recitals in this indictment. Appellant's motion to quash
should have been sustained. *McLaughlin* v. *State* (1873),
45 Ind. 338; *Keller* v. *State* (1875), 51 Ind. 111; *State* v.
*Record* (1877), 56 Ind. 107; *Strader* v. *State* (1884), 92
Ind. 376; *State* v. *Cleveland, etc., R. Co.* (1894), 137 Ind.
75; *State* v. *Feagans* (1897), 148 Ind. 621; *Funk* v. *State*
(1898), 149 Ind. 338; *State* v. *Pasco* (1899), 153 Ind. 214;
*Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789; *Clark*
v. *State* (1906), 166 Ind. 288.

The judgment is reversed, with directions to sustain appel-
lant's motion to quash the indictment.

Jordan, J., did not participate in this decision.