## THE STATE OF INDIANA v. COLLIER.

[No. 21,325. Filed January·28, 1909.]

1. INDICTMENT AND INFORMATION.—*Recitals.*—*Highways.*—*Failure to Repair.*—*Rural Mail Delivery.*—An affidavit charging that defendant failed to repair a highway used for rural free delivery, said defendant "then and there having received notice" of the alleged defects, and "then and there * * * being the duly elected, qualified and acting township trustee" of the township in which said highway was situate, fails to show any notice, or that defendant was the township trustee. p. 609.

2. SAME.— *Recitals.*— *Highways.*— *Rural Free Delivery.*—*Establishment and Maintenance.*—An affidavit charging that defendant township trustee failed, after notice, to repair a certain highway which was in an impassable condition, the same "being a public highway over which a rural mail route was then and there maintained," does not show that a rural free delivery mail route had been established and maintained thereon. p. 609.

3. HIGHWAYS.—*Rural Free Delivery.*—*Repairs.*—*Duties of Boards of Commissioners and Township Trustees.*—Under §7779 Burns 1908, Acts 1907, p. 298, it is the duty of the board of commissioners, upon notice from the township trustee, to repair defects in highways over which rural free delivery mails are carried, even though no appropriation therefor has been made by the county council, and if the board fails to do so, the trustee may, at his discretion, do so. p. 610.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Prosecution by the State of Indiana against Otho Collier. From a judgment quashing the affidavit, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *Walter F. Wood,* Prosecuting Attorney, *A. G. Cavins, E. M. White* and· *William H. Thompson,* for the State.

 *John T. Hays* and *Will H. Hays,* for appellee.

JORDAN, C. J.—The State instituted this prosecution, before a justice of the peace, against appellee, for an offense committed by violating the provisions of an act "to require

all highways on which United States rural free delivery mail routes are established to be kept in repair,'' etc., approved March 9, 1903, as amended by the act of 1907 (Acts 1907, p. 298, §7779 Burns 1908). Appellee was convicted before the justice, and he appealed to the Sullivan circuit court. In the latter court his motion to quash the affidavit was sustained, to which ruling the State excepted, and, on its refusal to plead further, the court rendered judgment, discharging the accused.

The State appeals, and assigns that the court erred in quashing the affidavit.

Section 7779, *supra,* upon which this prosecution is based, is as follows: ''That in addition to the duties now conferred on them by law in respect to the care of highways, it shall be the duty of the board of commissioners, township trustees, road superintendents and road supervisors to keep in repair and in passable condition all highways in their respective districts or jurisdictions along or on which United States rural free delivery mail routes have been or may hereafter be established and maintained, and the township trustees shall set aside at least five per cent of the amount of road fund received by them each year as an emergency fund to be used in carrying out the provisions of this act. It shall be the duty of the above-named officers in performing their duties in respect to highways to give preference to the highways along or over which such rural mail routes have been or may hereafter be established and maintained. It shall be the duty of such officers to see that such highways are properly drained, are kept free of all obstructions, including snowdrifts, and are at all times in condition to be safe and readily passable to ordinary travel. It shall be the duty of said officers, and of each of them, upon receiving notice of the defective or impassable condition of any of the highways so used by mail routes above defined at once to repair, or cause to be repaired, the said highway or highways. *In making such repairs the board may repair*

*bridges or culverts wherever necessary for the purposes of this act, regardless of the fact that there may be no appropriation therefor, and pay for the same out of any moneys in the county treasury not otherwise appropriated.* If any member of any board of commissioners, any township trustee, road supervisor or superintendent shall fail to repair any such highway within his jurisdiction, or to cause the same to be done, for a period of five days after receiving notice of the defective condition thereof; he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not over $2 for each day he shall have so failed after receiving such notice.'' (Our italics.)

The charging part of the affidavit is as follows: ''That on May 18, 1908, at the county of Sullivan, and State of Indiana, Otho Collier, late of said county, did then and there unlawfully fail, refuse and neglect to repair or cause to be repaired a certain public highway then and there being in Turman township, said public highway then and there being defective and in an impassable condition, and being a public highway over which a rural mail route was then and there maintained, said Otho Collier then and there having received notice, more than five days prior thereto, that said public highway was defective and in an impassable condition, said Otho Collier then and there, and for more than five days prior thereto, and at the time of the giving of said notice, being the duly elected, qualified and acting township trustee of said Turman township; that said rural mail route was so maintained over said public highway at the time of the giving of said notice [here the route of the highway is stated]; that the defective and impassable condition of said public highway was then and there, and for more than five days prior thereto, and at the time of the giving of said notice, of such a nature that it could have been easily repaired, or caused to be repaired, by said Otho Collier; that the defective and impassable condition of said highway was then and there, and at the time of the giving of

said notice, due and owing to the absence of a bridge at and over a certain stream crossing said public highway, contrary to the form of the statutes," etc.

The deficiencies pointed out and urged against the affidavit by appellee are: (1) That there are no positive averments that appellee was a township trustee, or that he had notice of the defective and impassable condition of the highway in question. It is asserted that the pleader has attempted to show these essential facts by mere recitals. (2) That the act in question relates to highways "along or on which United States rural free delivery mail routes have been or may hereafter be established and maintained," and the affidavit only avers that the alleged highway was one over which a rural mail route was then and there maintained, there being no charge that any United States rural free delivery mail route had been established on the highway. (3) That the affidavit is bad, because, as therein alleged, the defective and impassable condition of the highway is due to the absence of a bridge at and over a certain stream crossing said public highway, and that the duty, under the law, of constructing and repairing the same is imposed upon the board of commissioners. The affidavit may be said to be open to the criticism urged in the first objection. There are no positive averments to show that appellee was a township trustee and had received notice of the condition of the highway. Mere recitals in a pleading will not suffice for positive averments. *Terre. Haute Brewing Co.* v. *State* (1907), 169 Ind. 242; *State* v. *Metsker* (1908), 169 Ind. 555.

There is also an absence of any averments to show that the highway was one along which a United States rural free delivery mail route had been established and maintained. In view of the language of the statute in question, the averment only that a rural mail route was then and there maintained is not sufficient to bring the

highway within its provision. Aside, however, from these deficiencies of the pleading, the cardinal question arises: Was it the duty of appellee, in the first instance, under the law and the facts in this case, either to construct or repair the bridge, the absence of which, as alleged, rendered the highway defective and impassable? Section 109 of the act of 1905, "concerning highways" (Acts 1905, pp. 521, 574, §7778 Burns 1908), provides: "If the township trustee of the township where any proposed bridge or culvert is to be located or repaired shall notify the board of commissioners of his county of the necessity of such location or repair, and if in the opinion of the commissioners the public convenience shall require the building or repairing thereof, they shall cause surveys and estimates to be made and provide for the erection of the same: Provided, that if the board of commissioners shall not deem such bridge or culvert of sufficient importance to justify an appropriation from the county treasury for the building or repair thereof, the trustee of the township in which is located such bridge or culvert may appropriate any part of the road fund in the township treasury for that purpose, if he shall deem it right and expedient to do so."

This section, as therein provided, imposes upon the boards of commissioners the duty of providing for the construction and repair of bridges and culverts connected with or forming a part of a public highway. It is true that this section does not require the board, on its own motion in the first instance, to construct or repair the bridges or culverts therein contemplated. The proper township trustee is to take the initiative by notifying the board of the location or repair of the bridge or culvert. Upon receiving such notice, if, in the opinion of the board, the public convenience requires the building or repair of the bridge or culvert in question, then such board is required to make the necessary provisions for so doing. But if the

board "shall not deem such bridge or culvert of sufficient importance to justify an appropriation from the county treasury for the building or repair thereof, the trustee of the township in which is located such bridge or culvert may appropriate any part of the road fund in the township treasury for that purpose, if he shall deem it right and expedient to do so."

The material provisions of this section, as formerly embraced in section nineteen of the highway act of 1883, as amended in 1885 (Acts 1885, p. 202, §3, §1585 Elliott's Supp. 1889), were interpreted and construed by this court in the case of *Board, etc.,* v. *Washington Tp.* (1890), 121 Ind. 379. It was held in that case that under the provisions of the section then in question the board of commissioners was not relieved of its general duty to maintain and repair county bridges on public highways. See, also, so far as applicable, *Board, etc.,* v. *Mutchler* (1894), 137 Ind. 140; *Board, etc.,* v. *Wagner* (1894), 138 Ind. 609; *Board, etc.,* v. *Nichols* (1894), 139 Ind. 611; *Board, etc.,* v. *Sisson* (1891), 2 Ind. App. 311, and cases cited.

In fact the legislature, in enacting §7779, *supra,* upon which, as heretofore stated, this prosecution is based, appears to have recognized that it was the duty of the board of commissioners to repair bridges and culverts upon the highways, for it will be observed that by that part of the section italicized it is expressly. provided that the board. of commissioners, in making such repairs, may repair bridges or culverts wherever necessary, etc., regardless of the fact that there may be no appropriation therefor, and pay for the same out of any money in the county treasury not otherwise appropriated.

It is manifest, under the facts alleged, that there is no showing that appellee violated the statute by failing either to construct or repair the bridge to which the impassable condition of the highway is attributed. On any view of

the case, the affidavit must be held to be insufficient, and the motion to quash was properly sustained.

Judgment affirmed.