## THE STATE v. FEAGANS.

[No. 17,874.   Filed November 4, 1897.]

CRIMINAL LAW.—*Officer Interested in Public Contract.—Indictment. —Statute Construed.*—An indictment under section 2136, Burns' R. S. 1894, which charges that defendant, while councilman, became interested as joint subcontractor, in the improvement of certain streets in such city without showing that the street improvement had been let to any person, or that defendant entered into or became interested in any manner, in any contract with the city, is not applicable to such statute, and fails to charge a public offense. *pp. 621–624.*

SAME.—*Indictment.*—An indictment must state by direct averments facts constituting the offense as defined by statute, and such a degree of certainty must be shown by its averments as to fully inform the accused of the charge preferred, and the court and jury of the crime of which, upon the trial, he is to be convicted or acquitted. *pp. 624, 625.*

From the Daviess Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *P. R. Wadsworth,* for State.

JORDAN, J.—The indictment in this appeal is based on section 2136, Burns' R. S. 1894, which forbids cer-

tain officers therein mentioned from becoming interested in public contracts, under the penalty of a fine and imprisonment in the State's prison. The charging part of the indictment is as follows: "that Richard Feagans, on the 25th day of July, A. D., 1894, at and in the county of Daviess and State of Indiana, was then and there a duly elected, qualified, and acting councilman for the city of Washington in said county and State, did then and there while being such councilman unlawfully and feloniously become interested in the construction of certain parts of the improvement of certain public streets of said city of Washington, to-wit: in the excavating and curbing of Main street between East Second and East Fifth streets and East Second, East Third and East Fourth streets between South and Van Tres streets, which streets were being then and there improved for the use of said city, by then and there unlawfully and feloniously being connected with Peter Reister as joint subcontractors in the excavating and curbing of said streets, contrary," etc.

On motion of the appellee the court quashed the indictment, and from this decision the State has appealed.

We are not favored with a brief upon the part of appellee, and are not advised of the cause for which the trial court held the pleading insufficient.

The part of the section said to be applicable to this prosecution may be read as follows: "Any state officer, county commissioner, township or town trustee, mayor or a common councilman of any city, school trustee of any town or city, or their appointees or agents, or any person holding any appointing power, or any person holding a lucrative office under the constitution or laws of this State, who shall, during the time he may occupy such office or hold such appoint-

The State *v.* Feagans.

ing power and discharge the duties thereof, be interested, directly or indirectly, in any contract for the construction of any state-house, court-house, school-house, bridge, public building, or work of any kind erected or built for the use of the State, or any county, township, town, or city in the State, in which he exercises any official jurisdiction," etc.

It will be perceived that this statute, among other things, declares it to be a penal offense for a common councilman of a city, during the time he may occupy such office and discharge the duties thereof, to be interested, directly or indirectly, in any contract for the construction of any school-house, bridge, public building or work of any kind, for the use of the city in which he exercises his official jurisdiction. It is evident, we think, that the indictment in this case is not applicable to the provisions of this statute, and does not charge a public offense as is defined by its terms. It proceeds entirely upon the theory that the offense is sufficiently charged by alleging that the defendant, while councilman, became interested in the improvement of the streets by being connected with Reister as a joint subcontractor. There is no charge that appellee entered into or became interested in any manner in any contract with the city for the improvement of the streets. There is no averment showing that the street improvement had been let to any person by a previous contract, under which Reister and the appellee became subcontractors, for doing the work of excavating and curbing.

In *Case* v. *Johnson*, 91 Ind. 477, which was an action to enjoin the appellees from improving a street of the town of Fowler under an alleged contract between them and the board of trustees of said town, the appellants, Case and Jones, were town officers; the former being town assessor, and the latter a member of the

board of trustees. This court, on page 490 of the opinion, in referring to this statute as originally enacted in 1872, said: "The appellant Jones, as town trustee, and the appellant Case, as assessor of the town, were positively prohibited from becoming interested, directly or indirectly, in any contract for the improvement of Fifth street in the town of Fowler during the time they held their respective offices, under the penalty of being 'deemed guilty of a felony,' and suffering the punishment prescribed in the statute. And in section 4 of such act, it was expressly declared that all contracts and agreements, made in violation of the act, should be void. The appellants' contracts for the improvement of Fifth street, therefore, were illegal and void; and upon this ground there was no error in the court's conclusions of law."

We are informed by the brief of the State's attorney that the city of Washington entered into a contract with one Jacob Eichel to improve the streets mentioned in the indictment, that the latter subsequently let, by a subcontract, the excavating and curbing to Reister and the appellee. No such facts are alleged in the indictment, but it is left to be inferred that the street improvement was being made in pursuance of a contract with the city. The offense created by the statute consists, as we have seen, of the officer becoming interested in a contract of the city for the construction of the public work mentioned, and not merely in being interested in the construction of such work. Certainly before he can be interested in such a contract it must be shown to have existed. See Moores and Elliott's Crim. Law, section 1085, p. 573.

The rule is well settled that the indictment must state by direct averments facts constituting the offense as defined by the statute, and such a degree of certainty must be shown by its averments as to fully

inform the accused of the charge preferred, and the court and jury of the crime of which, upon the trial, he is to be either convicted or acquitted. *State* v. *Record,* 56 Ind. 107; Gillett Crim. Law, section 125; *McLaughlin* v. *State,* 45 Ind. 338.

At least, for the reasons mentioned, the pleading is fatally defective, and was properly quashed.

Judgment affirmed.