## STATE v. M. G. SLOCUM.[1]

July 1, 1910.

Nos. 16,630—(28).

**Quashing indictment — rights of accused.**

The publication of the facts concerning a pending indictment prior to the time it is framed, and before the accused is arraigned, and the exclusion by the jurors of the county attorney from the grand jury room, do not constitute sufficient grounds for quashing an indictment, in the absence of a showing that the substantial rights of the accused were violated.

**Same — presence of third person with grand jury.**

The affidavits in support of the motion to quash the indictment state that a third party was present with the grand jurors while the charge embraced in the indictment against defendant was under consideration, and the indictment should have been quashed.

Defendant was indicted by the grand jury for Beltrami county for the crime of petit larceny and, upon the grounds stated in the opinion, he moved to have the indictment set aside. The motion was denied, Wright, J., and at the request of defendant the case was certified to this court.

[1] Reported in 126 N. W. 1096.

*John F. Gibbons,* for defendant.

*George T. Simpson,* Attorney General, and *Clifford L. Hilton,* Assistant Attorney General, for the State.

LEWIS, J.

Appellant was indicted by the grand jury of Beltrami county for petit larceny on the second day of October, 1909, whereupon he moved to set aside the indictment on the following grounds: "Gross misconduct on the part of the grand jury: (a) In making their deliberations concerning said indictment public before said indictment was found. (b) In making and parading in public that said indictment was found before the defendant was arraigned. (c) Maliciously conspiring with each other and with other persons before any evidence was adduced by said grand jury against the defendant. (d) In totally ignoring and disregarding the charge of this court and the law relative to the conduct of grand juries. (e) Permitting a person to be present at the session of the grand jury while the charge embraced in the indictment was under consideration. (f) Admitting a person other than a witness into the grand jury room while the grand jury was in session, and divulging to him their deliberations with reference to finding indictments against this defendant. (g) In permitting and allowing a person not a member of the grand jury, or the county attorney, or the attorney general, to be present during the examination of witnesses upon whose testimony this indictment was found."

Appellant's affidavit in support of the motion contained the statement, on information and belief, that the fact was made public before the indictment was found, and before appellant was arraigned; that in order to return the indictment, without the aid of competent testimony, the grand jury purposely excluded the county attorney and requested the court to appoint another in his place, which request was denied, and notwithstanding the denial of the request, and in total disregard of the instructions of the court and of the law, the grand jury procured the assistance of another attorney for the purpose of seeking his advice upon legal matters and to have him draw up the indictment against appellant. The Rhoda

affidavit will be considered hereafter. No opposing affidavits were read, the court denied the motion, and certified the case to this court for its opinion upon the refusal of the district court to quash the indictment.

The statutory provisions governing the deliberations of grand jurors are found in sections 5285, 5286, 5291, and 5338, R. L. 1905. The publication of the facts concerning the indictment before it was found, and before the defendant was arraigned, furnished no ground for quashing the indictment. The charge that the indictment was found as a result of conspiracy is too indefinite to merit any consideration. The exclusion of the county attorney from the grand jury room, contrary to the instructions of the court, and the calling in of another attorney for the purpose of examining witnesses and framing indictments, was in violation of section 5338, subd. 3.

True, appellant's statement is upon information and belief only; but the Rhoda statement was as follows: "That he was called as a witness and testified in regard to the three indictments returned against M. G. Slocum, the defendant herein; that he is personally acquainted with H. J. Loud; that on two occasions, when affiant was called into the grand jury room and presented himself before the grand jury as a witness, the said H. J. Loud was there present with the grand jury; that the said H. J. Loud did not ask affiant any questions, but remained in the jury room after affiant had left there."

The learned trial court apparently overlooked section 5338. While the Rhoda affidavit does not charge directly and positively that Mr. Loud was present with the grand jury during the time of the expression of their opinions or the giving of their votes, it clearly appears that he was present during the examination of the witness Rhoda. Section 5338 provides that an indictment shall be set aside by the court (subdivision 3) "whenever a person shall have been permitted to be present at the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided by section 5285." Reading these two sections together, it seems very clear that it was the intention not to limit the words

"under consideration," in section 5338, to mean the "expression of their opinions," as contained in section 5285. By the latter section the county attorney's presence is limited to the examination of witnesses; but it does not follow that any other person may be present at such time. A case is under consideration before the grand jury, within the meaning of section 5338, when witnesses are being examined. Hence Loud was present in the grand jury room with the grand jurors during the time they had the matter of this indictment under consideration.

The facts stated were uncontradicted, and the action of the grand jury was unwarranted, contrary to law, cannot be upheld, and the indictment should have been quashed.

Reversed.