## WILLIAMS *v.* STATE OF INDIANA.

### [No. 23,190.   Filed May 9, 1919.]

1. CONSPIRACY.— *Indictment.— Sufficiency.*— An indictment for conspiracy, under §2647 Burns 1914, Acts 1905 p. 584, §641, to be good as against a motion to quash, must not only state facts showing the conspiracy, but must also charge the felony with the same particularity as though the accused were to be tried for the felony alone.   p. 288.

2. INDICTMENT AND INFORMATION.—*Motion to Quash.—Defects Appearing on Face of Indictment.*—Under the Criminal Code, defects not appearing on the face of an indictment cannot be raised by a motion to quash; and, though such defects do so appear, if the offense is charged with such a degree of certainty that the defects do not tend to prejudice the substantial rights of the defendant, they must be disregarded.   pp. 288, 291.

3. CONSPIRACY.—*To Commit Felony.—Bribery.—Indictment.— Sufficiency.—Failure to State Names of Persons to be Solicited.* —An indictment of a deputy prosecuting attorney and other officers under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, charging that many persons were engaged in operating gambling places, etc., in violation of law and that the defendants "did then and there feloniously and knowingly unite, combine, conspire and confederate together" to solicit bribes from persons engaged in such unlawful businesses or who might thereafter be so engaged, was sufficient as a charge of the crime under the statute, although it did not allege that the conspirators knew of specific violations or that they knew the names of persons actually engaged in such businesses, since the conspiracy sought to be charged was the combination of two or more persons by some concerted action to accomplish an act or purpose defined by statute as a felony, and the crime

was complete when the unlawful confederation was formed to do the acts charged.   p. 292.

4.  INDICTMENT AND INFORMATION. — *Solicitation of Bribes.* — *Names of Persons Solicited.*—An indictment of public officers for conspiracy to solicit bribes, under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, containing the statement that a specified sum was actually paid to the conspirators, was not fatally defective for failing to state the names of the contributors, in view of another allegation therein that the conspiracy was formed to solicit bribes not only from persons engaged in illegal business, but from those who might thereafter engage in such business, and for the further reason that the allegation of the receipt of the specified sum does not necessarily show that the grand jurors knew the names of the contributors or that the evidence before them on that subject was satisfactory.   p. 293.

5.  CONSPIRACY. — *Indictment.* — *Solicitation of Bribes.* — *Overt Acts.*—An indictment for conspiracy to solicit bribes in violation of §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, need not show overt acts done in pursuance of the conspiracy. p. 293.

6.  INDICTMENT AND INFORMATION. — *Conspiracy.* — *Soliciting Bribes.*—*Names of Persons Solicited.*—In a prosecution of public officers for conspiracy to solicit bribes, under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, if the names of the persons to be solicited were known, or if they were reasonably ascertainable by the grand jury, they should have been pleaded. p. 293.

7.  INDICTMENT AND INFORMATION. — *Particularity.* — Where an offense is pleaded with such identity or certainty that the accused is enabled to plead his conviction or acquittal in bar of another prosecution therefor, the rule requiring particularity in charging the offense is satisfied.   p. 294.

8.  INDICTMENT AND INFORMATION. — *Conspiracy.* — *Soliciting Bribes.*—*Failure to State Names.*—In a prosecution for conspiracy to solicit bribes, under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, the statement in the indictment of the fact that the names of the persons solicited or to be solicited are unknown is sufficient excuse for failing to name such persons.   p. 294.

9.  INDICTMENT AND INFORMATION. — *Conspiracy.* — *Soliciting Bribes.*—A deputy prosecuting attorney and certain officers of a city charged with official duties pertaining to the enforcement of the criminal laws of the state may be jointly indicted under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, for conspiracy to solicit bribes, and they need not be

charged and tried singly under the bribery statute, for, though each of such officers performed a different duty, they controlled the criminal procedure required to bring violators of the law before the courts.   p. 294.

10.   CONSPIRACY.—*Soliciting Bribes.*—*Ownership of Money.*—*Indictment.*—An indictment of a deputy prosecuting attorney and other officials for conspiracy to solicit bribes, under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, need not directly allege that the money, etc., was the property of the persons to be solicited, in view of the well-defined meaning of the word "bribe."   p. 295.

11.   BRIBERY.—*"Bribe."*—*Definition.*—A bribe is any gift, advantage, or emolument offered, given, or promised to, or asked or accepted by, any public officer to influence his behavior in office.   p. 296.

12.   CONSPIRACY.—*Merger in Crime Committed.*—Where an indictment charges a conspiracy and also an overt act which in itself is criminal, the conspiracy is not merged in the higher offense, in case the defendant is placed on trial upon the charge of conspiracy only.   p. 296.

13.   INDICTMENT AND INFORMATION.—*Conspiracy.*—*Duplicity.*—An indictment, under §§2647, 2378 Burns 1914, Acts 1905 p. 584, §§641, 477, for conspiracy to solicit bribes is not bad for duplicity, though it charged that solicitations were to be made upon many persons who were engaged in various illegal businesses so classified as to bring them within the prohibition of statutes pertaining to specifically defined crimes.   p. 297.

14.   INDICTMENT AND INFORMATION. — *Conspiracy to Commit Felony.*—*Certainty.*—An indictment for conspiracy to commit a felony which is sufficient to enable the court and the jury to understand distinctly the issue to be tried, and to fully inform the defendant of the nature of the offense charged, and upon which a judgment may be pronounced on a conviction according to the rights of the case, is sufficient as against a motion to quash for uncertainty.   p. 297.

15.   CRIMINAL LAW.—*Plea in Abatement.*—*Challenge of Grand Juror.*—Section 1965, cl. 7, Burns 1914, Acts 1905 p. 584, §97, permitting one charged with a felony to challenge an individual grand juror before the jury is sworn on the ground that he cannot act impartially and without prejudice to the substantial rights of the challenger, does not permit the challenge for such cause by plea in abatement after indictment. p. 298.

16.   CRIMINAL LAW.—*Demurrer to Plea in Abatement.*—*Admission.*—A demurrer to a plea in abatement admits all the facts of the plea well pleaded.   p. 300.

17. CRIMINAL LAW.—*Plea in Abatement.—Validity.*—A plea in abatement not denying the merits of a prosecution, and only tending to delay the remedy, will be upheld only after strict construction. p. 301.

18. CRIMINAL LAW.—*Appointment of Special Prosecutor.—Presumption.*—The action of the trial court in appointing a special prosecuting attorney, who acted as such before the grand jury that returned an indictment against a deputy prosecuting attorney, and to which objections were raised by plea in abatement, will be presumed to be correct on appeal, in the absence of a showing of the facts that were before the court at the time of the appointment. p. 301.

.19. CRIMINAL LAW.—*Special Prosecutor.—Appointment by Trial Court.*—Though no statute expressly authorizes the appointment of a special prosecuting attorney to appear before the grand jury, or to assist the prosecuting attorney in the trial of criminal cases, the courts having general jurisdiction of criminal matters has the inherent power in their discretion to appoint an attorney to assist the prosecuting attorneys in the trial of criminal cases. p. 301.

20. CRIMINAL LAW.—*Grand Jury.—Presence of Special Prosecutor.*—In view of §1980 Burns 1914, Acts 1905 p. 584, §109, requiring prosecuting attorneys to appear before the grand jury, and §9406 Burns 1914, §5864 R. S. 1881, requiring them to conduct prosecutions for felonies, the presence of a specially appointed prosecuting attorney at deliberations of the grand jury and his insistence that the defendant be indicted on the testimony was unauthorized, as there must be no opportunity for the improper influence upon the grand jury after the investigation is closed, and was therefore a good ground of abatement. pp. 302, 303.

Appeal from the Delaware Circuit Court; *Fred C. Gause*, Special Judge.

Prosecution by the State of Indiana against Gene Williams. From a judgment of conviction, the defendant appeals. *Reversed.*

*George W. Cromer* and *Harry Long*, for the appellant.

*Ele Stansbury*, Attorney-General, *U. S. Lesh, Edward M. White, Elmer E. Hastings, John G. McCord, Horace G. Murphy*, and *Wilbur Ryman*, for the state.

MYERS, J.—This is a prosecution by the state against the appellant and six other persons upon a joint indict-

ment charging them with a felonious conspiracy to solicit bribes. The indictment is in one count. Defendants, after severally and unsuccessfully moving to quash the indictment, filed a plea in abatement in ten paragraphs, to which a demurrer to the first nine paragraphs was sustained, and the tenth paragraph, on motion, was stricken out. Appellant's separate and several motion for an order requiring the state to file a bill of particulars was overruled. Appellant then waived arraignment and entered his plea of not guilty. His request for a separate trial was granted; trial was had by jury resulting in a verdict of guilty. Thereafter various motions were each overruled. Judgment followed, assessing his fine at $200 and costs, and imprisonment from two to fourteen years in the state reformatory. From this judgment he appeals and assigns as error: (1) The overruling of his motion to quash the indictment. This indictment is predicated on §§2647, 2378 Burns 1914, §§641, 477, Acts 1905 p. 584. Section 2647 reads as follows: "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars nor more than five thousand dollars, and imprisoned in the state prison not less than two years nor more than fourteen years."

The felony which appellant is alleged to have conspired to commit is defined by §2378, *supra*, and as applicable to this case is as follows: "Whoever, being * * * entrusted with the administration of justice or prosecuting attorney, either before or after his election, qualification, appointment or employment, solicits

or accepts any such money, promise or valuable thing, to influence him with respect to his official duty, or to influence his action, vote, opinion or judgment in any matter pending or that might legally come before him, shall, on conviction, be imprisoned in the state prison not less than two years nor more than fourteen years, fined not exceeding ten thousand dollars, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

This court has consistently held that an indictment, as here in question, to be good as against a motion to quash, must not only state facts showing the con-

1. spiracy, but also charge the felony with the same particularity as though the accused was to be tried for the felony alone. *Allen* v. *State* (1914), 183 Ind. 37, 45, 107 N. E. 471; *Green* v. *State* (1901), 157 Ind. 101, 60 N. E. 941; *Barnhart* v. *State* (1899), 154 Ind. 177, 56 N. E. 212; *Smith* v. *State* (1884), 93 Ind. 67; *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130.

Our Criminal Code, §2065 Burns 1914, §194, Acts 1905 p. 584, specifies the grounds or reasons proper to be assigned in support of a motion to quash an

2. indictment or affidavit, and the specific objections pointed out by appellant are all covered by clauses 2 and 4 of that section, which provides that an indictment or affidavit must be held good unless upon its face it appears that the facts stated therein do not constitute a public offense, or that it does not state the offense with sufficient certainty. Along with these provisions, we must keep in mind §2063, cl. 10, Burns 1914, §192, Acts 1905 p. 584, which provides that no indictment shall be deemed invalid or quashed for any "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Also, §2062, cl. 5, Burns 1914, §192, Acts 1905 p. 584,

that an indictment will be deemed sufficient if "the of-
fense charged is stated with such a degree of certainty
that the court may pronounce judgment upon a convic-
tion according to the right of the case."

The indictment before us covers twenty typewritten
pages of the record, and in our opinion no good purpose
will be subserved by copying it into this opinion. In
substance, it charges that appellant, on May 1, 1914,
was the duly appointed and acting deputy prosecuting
attorney for Delaware county, and as such deputy had
charge of all criminal prosecutions before justices of the
peace, and the city court in the city of Muncie, Indiana;
that said city is a city of the third class; that on and
prior to May 1, 1914, there were in the city of Muncie
more than twenty-five houses of ill fame resorted to
for the unlawful purpose of prostitution and lewdness
by persons, male and female, who were then and there
of bad reputation for chastity and virtue; that there
were more than twenty-five persons then and there in
charge of, or keeping certain rooms in the city, then
and there unlawfully used for the purpose of gambling
and where gaming was permitted to be carried on; that
there were then and there more than 100 places kept and
operated by persons for the unlawful sale of intoxicat-
ing liquors; that more than 100 gaming and gambling
devices of various kinds were then and there in unlawful
operation in various places, and which were then and
there unlawfully running and operated for the purpose
of gaming and betting; that more than twenty houses
of assignation were then and there unlawfully being run
and operated by various persons in said city. That at
the time the alleged offense is charged to have been com-
mitted, each and all of the persons jointly indicted with
appellant were the duly elected or appointed, qualified
and acting officers of said city, and the offices so held by

them were those of mayor, city police commissioners, chief of police and a city patrolman, that appellant and the other persons named in the indictment did then and there unite, combine, conspire and confederate with each other and in their official capacity to feloniously and corruptly ask, solicit and demand in person and by other persons, agents and employes who might be hired to act for them and each of them, money and other things of value as a bribe or bribes from each and all of the persons so engaged in the various classes of business heretofore named, or who might thereafter engage in such business or businesses, and, in consideration for the money or other things of value paid or contributed by such persons, they were, by such officers, to be shielded and protected from prosecution and permitted to run and operate their various kinds of business without molestation so long as they should or would pay a certain sum of money weekly to appellant or his coconspirators indicted with him; that, pursuant to said unlawful and felonious combination and conspiracy and in furtherance thereof, they and each of said conspirators personally and through others as go-betweens did solicit from the various persons so engaged in the various classes of business aforesaid, money and other things of value as bribes, and as a pecuniary reward for protection and freedom from arrest and raids on their places of business; that they (persons named in the indictment) did then and there feloniously as such officers receive bribes and pecuniary rewards of and from persons running and operating said various illegal business and immoral places, a large sum of money, to wit: $10,000, for the purpose of influencing each and all of them with respect to his and their official action in any matter pending, or that might legally come before him or them; that thereafter the said persons as such officers did unlawfully, feloniously and corruptly refuse,

and would not prosecute, or cause to be prosecuted, any of the parties so as aforesaid paying them said bribe and bribes, but did then and there protect and defend them, and save them and their places from raids, and the said parties from arrest and punishment for the said numerous violations of the law; that the names of the persons from whom money and other things of value were to be solicited, or who were solicited and who contributed such bribes and rewards, were to the grand jury unknown.

Appellant insists that the facts stated in this indictment are not sufficient to constitute a public offense for the reasons: (1) That it fails to show knowledge on his part of any crime which he was to conceal, or in favor of which his official acts were to be performed; (2) that it fails to disclose the name or names of the person or persons who were to be allowed to commit the crimes or crime named therein, or the places where the alleged crimes were to be committed which were to be concealed by any of the defendants; (3) that there is no crime known to the law as a conspiracy to solicit bribes, and (4) that it fails to allege the ownership of the money, or other things of value to be solicited from the various unknown persons referred to therein.

Directing our attention to the alleged defects in the indictment relied on by appellant, and applying the various statutory provisions to which attention is 2. called, supra, it must be conceded that, unless such defects appear upon the face of the indictment, they are not raised by a motion to quash, or if they do appear, and the offense is charged with such certainty that such defects do not tend to the prejudice of his substantial rights, they must be disregarded. Waggoner v. State (1900), 155 Ind. 341, 58 N. E. 190, 80 Am. St. 237; Selby v. State (1903), 161 Ind. 667,

69 N. E. 463; Padgett v. State (1906), 167 Ind. 179, 78 N. E. 663.

The conspiracy here sought to be charged may be defined as a combination of two or more persons by some concerted action to accomplish an act or purpose

3.  which by statute is defined to be a felony. 1 Bouvier, Law Dictionary (Rawle's 3d ed.) 621. The indictment charges that more than 200 persons in the city of Muncie were engaged in running and operating places in that city in violation of the law. These places and the alleged violations are classified according to the character of the several alleged offenses. These allegations become important as they show an opportunity for the commission of the alleged crime. The indictment also charges that appellant and those indicted with him "did then and there feloniously and knowingly unite, combine, conspire and confederate together" to solicit bribes from persons engaged in the various businesses specifically mentioned in the indictment or who might thereafter be thus engaged. The two dominant elements of the crime here sought to be charged are a conspiracy and a felony. In this case the conspiracy entered into did not have reference to any particular named person as a victim, but it had to do with those guilty of certain named violations. In such cases it is unnecessary to allege that the conspirators knew at the time of forming the conspiracy of specific violations or the names of persons so actually engaged and from whom they would solicit bribes. The conspiracy was complete when the unlawful confederation was formed to do a thing which if committed is defined by our statutes as a felony. Landringham v. State (1874), 49 Ind. 186; Gillett, Crim. Law §310; Eacock v. State (1907), 169 Ind. 488, 82 N. E. 1039; Moore, Crim. Law, §653, p. 712.

Appellant, in support of his second insistence, seizes

upon the statement in the indictment, in substance, showing that $10,000 in bribe money was actually

4. paid to, and received by, the conspirators. From this statement appellant draws the conclusion that the grand jury must have known some of the persons, if not all, who contributed this money, and the failure to allege these names was a fatal omission. In this connection we should consider the allegation that the conspiracy was formed to solicit bribes not only from violators of the law then in business, but from others who might thereafter engage in such business. It will be observed from the showing made that the agreement to solicit bribes contemplated, either directly or indirectly, an interview in some form with a large number of persons in the city of Muncie. In *McKee* v. *State* (1887), 111 Ind. 378, 12 N. E. 510, it is said: "The authorities abundantly settle the proposition that an indictment is not objectionable which charges that the object of the conspiracy is to defraud many persons, not capable of being resolved into individuals, or the public generally, instead of certain named individuals. 2 Bishop Crim. Law, section 209; 2 Wharton Crim. Law, section 1396." It does not necessarily follow, from the fact that money was actually paid, that the grand jurors knew the names of the persons contributing the same, or that the evidence before them on that subject was satisfactory. In such cases the general form of pleading has been recognized and sustained. *McKee* v. *State, supra.*

While the allegations relied on by appellant may be considered as showing overt acts done in pursuance of the conspiracy, which are not unusual in indict-

5. ments of this character, yet they are not essential. 4 Ency. Pl. and Pr. 716. By this ruling we are

6. not to be understood as holding that particularity in charging a crime is not required, for, generally

7. speaking, it is required.  Consequently, in this case, if the names of the persons to be solicited
8. were known, or if they were reasonably ascertainable by the grand jury, they should have been pleaded.  *McKee* v. *State, supra; Padgett* v. *State, supra,* 183.  The rule requiring particularity in criminal pleading is to give identity and certainty to the transaction upon which the pleading is based, thereby enabling the accused to plead his conviction or acquittal in bar of another prosecution for the same offense.  When this is done, the rule requiring particularity is satisfied.  *Barnhart* v. *State, supra,* 178; *Fletcher* v. *State* (1909), 2 Okl. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581.  It is also equally well settled that where the names, as here, are unknown, the pleading may so state, and such statement will be regarded as a sufficient excuse for failing to name such persons.  *Ashley* v. *State* (1884), 92 Ind. 559.

As to appellant's third contention, we cannot agree that it is not a crime for an officer such as a deputy prosecuting attorney to solicit bribes.  As deputy
9. prosecuting attorney, it was his duty primarily to prosecute the criminal pleas of the state within his jurisdiction.  He was an officer upon whom rested the duty, to the best of his ability, of using fair, honorable and lawful means to secure the conviction of all persons charged with crime in any of the courts of his judicial circuit within the jurisdiction of his appointment, and to that extent he was an officer intrusted with the administration of criminal justice.  Being intrusted with the administration of justice, he is clearly within the provisions of the statute making it unlawful for him to solicit or receive bribes to influence his official action.  So also were each and all the persons so jointly indicted with him by law charged with certain official duties pertaining to the enforcement of the criminal laws of the

state. It will not do to say that such persons, officers though they be, can only be charged and tried singly under the bribery statute, and not for the crime of conspiracy to commit the same felony. True, each of the persons named as officers, including appellant, performed a different duty, but, when taken together, they formed the machinery or at least controlled the criminal procedure required to bring violators of the law before the court.

With reference to the ownership of the money, etc., to be solicited, it is not directly alleged that such money, bribes, etc., were the property of the persons to 10. be solicited. In this connection our attention is called to the case of Green v. State, supra, where it is stated: "In pleading a conspiracy to commit a felony, the elements of the intended felony must be fully disclosed, so that the court may see that a public offense is in fact charged." In that case the charge was a conspiracy to commit a felony, and the felony was blackmailing. "The gist of the felony defined as blackmailing is the extortion of money, chattels or valuable securities from a person by threatening to expose his crimes or immoralities." It was held, as blackmailing belonged to the same general class of crimes as larceny, embezzlement, robbery, burglary, or false pretenses, that the indictment must allege the ownership of the property or explain the absence of the averment. The reason assigned for this ruling is that one cannot "be guilty of larceny, nor of burglary, with respect to his own property of which he has the right of possession." In the case at bar, the gist of the alleged felony, defined by statute as bribery, is the soliciting of money or valuable thing by the deputy prosecuting attorney to influence him with respect to his official duty, or to influence his action in any matter pending, or that may legally come before him. Glover v. State (1887),

109 Ind. 391, 10 N. E. 282.    A bribe is defined as "any gift, advantage, or emolument offered, given, or promised to, or asked or accepted by, any public officer to influence his behavior in his office." Standard Dictionary. The crime of bribery is a felony (§2378, *supra*), and is one against public justice. It has to do with a public officer, and pertains to his behavior in office. As we have seen, the word "bribe" has a well-defined, and likewise a well-understood, meaning, and, as in the statute and in this indictment used, precludes the thought that appellant had entered into a conspiracy to solicit from the persons described, money or other valuable thing, his own property, and of which he had the right of possession. Appellant as a public officer was charged with certain official duties for the performance of which the public generally was interested. The essential elements of this and the Green case are not alike. They are not properly in the same classification of crimes. The rule announced in that case, as to the necessity for pleading the ownership of the property, cannot be of controlling influence in determining the sufficiency of the pleading before us. For the reasons stated, we hold the indictment good, although it fails to allege the ownership of the money or other things of value to be solicited.

Appellant also asserts that the indictment shows that the bribes which were to have been solicited were collected, and therefore the alleged offense was merged into the greater crime of bribery. We cannot agree to that proposition. "Where an indictment charges a conspiracy and also an overt act, which in itself is criminal, the conspiracy is not merged in the higher offense, where the defendant is placed on trial upon the charge of conspiracy only." Such is the substance of the ruling in the case of *State* v. *Grant* (1892), 86 Iowa 216, 53 N. W. 120. See, also, *State* v.

*Madden* (1915), 170 Iowa 230, 148 N. W. 995. This
rule is sound and we approve it.

Nor is the indictment bad for duplicity, for its lan-
guage, when properly construed, refers to the persons
running and operating various businesses char-
13. acterized as illegal, which are so classified as to
bring them within the prohibition of our statutes
pertaining to specifically defined crimes.

The fact that the bribe from each person was to be
$15 per week, taken in connection with the fact that the
amount of the bribes to be solicited was unknown to the
grand jury, appears to be contradictory, yet each of
these statements is in keeping with the ultimate fact—
soliciting bribes. They pertain to and are part and
parcel of a single scheme.

Appellant also urges for our consideration that the
indictment does not state the offense with sufficient cer-
tainty. The indictment is clearly sufficient, not
14. only to enable the court and jury to understand
distinctly the issue to be tried, but it also fully
informs the defendant of the nature of the offense pre-
ferred against him. Nor do we find any defects or im-
perfections in the indictment which would tend to the
prejudice of the substantial rights of appellant; and a
judgment may well be pronounced upon a conviction
according to the rights of the case. These facts ap-
pearing, the indictment must be held sufficient to with-
stand a motion to quash on the ground of uncertainty.
No more is required. *Skelton* v. *State* (1909), 173 Ind.
462, 89 N. E. 860, 90 N. E. 897; *Terre Haute Brewing
Co.* v. *State* (1907), 169 Ind. 242, 82 N. E. 81; *State*
v. *Feagans* (1897), 148 Ind. 621, 48 N. E. 225; *Funk* v.
*State* (1897), 149 Ind. 338, 49 N. E. 266.

Appellant also insists that the trial court erred in sus-
taining appellee's demurrer to each of the nine para-
graphs of his plea in abatement. The first six of

15. these may be considered together as they each rely upon the same state of facts. Each paragraph is directed to an individual juror and together challenge the competency of the entire panel. Appellant was not under prosecution for any offense at the time the grand jury was impaneled, and by his plea he tenders the cause for challenge provided by clause 7, §1965 Burns 1914, §97, Acts 1905 p. 584. That statute provides that: "A person held to answer a charge for a felony or misdemeanor may challenge an individual grand juror before the jury is sworn, for one or more of the following causes only:  *  * . *  Seventh, that such a state of mind exists on his part in reference to the party charged that he cannot act impartially and without prejudice to the substantial rights of the challenger." It will be noticed that this section specifically provides that the cause for challenge therein mentioned is to be exercised before the jury is sworn. We have no statute making any provision for the challenge of an individual grand juror or to the array by a person called to plead to an indictment. However, such practice has been allowed and approved in this state in a proper case. Stipp v. State (1917), 187 Ind. 211, 118 N. E. 818. But no case will be found in this jurisdiction where the rule has been extended to permit the indicted to thus challenge for favor, which is the basis of appellant's plea. Our statute has fixed the qualifications of both a grand and a petit juror, and provides that such juror must be a resident voter of the county, and a freeholder or householder. Acts 1917 p. 688, §1674 Burns 1914, §1393 R. S. 1881. Appellant does not rest his plea on either of these statutory qualifications or on facts going to the organization of the grand jury, but on bias and prejudice, and therefore the question: May appellant, after indictment, challenge a juror for this cause by a plea in abatement?. This question was be-

fore the court in the case of State v. Hamlin (1879), 47 Conn. 95, 36 Am. Rep. 54, and in a well-considered opinion, and, after reviewing all the adjudicated cases in this country up to that time, that court held that all the authorities were agreed "that objections to grand jurors on the ground that they have formed and expressed opinions of the guilt of a person accused of crime, before they were impaneled and sworn, cannot be pleaded in abatement to the indictment." Upon an exhaustive examination of the authorities bearing upon the question being considered, we hold that the grounds for challenge presented by appellant in the first six paragraphs of his plea in abatement are unavailing after indictment. State v. Easter (1876), 30 Ohio St. 542, 27 Am. Rep. 478; People v. Borgstrom (1904), 178 N. Y. 254, 70 N. E. 780; Lee v. State (1882), 69 Ga. 705; Jackson v. United States (1900), 102 Fed. 473, 42 C. C. A. 452; Patrick v. State (1884), 16 Neb. 330, 20 N. W. 121; State v. Rickey (1828), 10 N. J. Law 97; 4 Ann. Cas. 873, note; Thompson and Merriam, Juries §533; Joyce, Indictments §85; 20 Cyc 1300; 12 R. C. L. 1030, §17. Grand juries as a rule do not know who will be accused before them, and to open the door for the indicted to challenge on the ground of prejudice entertained by a juror against him or his business would lead to endless delays, as well as the possibility of having a new grand jury for every crime committed. 12 R. C. L. 1022, §9.

The rulings of the court in sustaining a demurrer to the seventh and ninth paragraphs of appellant's plea in abatement, and in sustaining appellee's motion to strike out the tenth paragraph, are not questioned. The eighth paragraph remains to be considered. The only part of this paragraph at all important, and on which our decision rests, reads as follows: "That one William A. Thompson, an attorney employed to procure this in-

dictment and to prosecute this defendant * * * was present with the grand jury which found this indictment, during the examination of evidence, and during their deliberations in this case, for the purpose of securing this indictment against this defendant, to which this plea is pleaded; *and being so present with said grand jury after all the evidence had been submitted, and at and before the finding of said indictment, he, the said William A. Thompson did then and there counsel, request and urge the said grand jury upon the testimony before them to find this indictment, and did procure the said grand jury to find and return said indictment.*"    (Our italics.)

Appellant to support the sufficiency of this paragraph insists: (1) That the circuit court had no power to appoint a special prosecutor in this case for the reason, as the plea also shows, that J. Frank Mann was the duly elected and acting prosecuting attorney, and at that time was in attendance upon the court and upon the grand jury which found this indictment; that Thompson was not a deputy prosecuting attorney, nor a witness before the grand jury, nor a stenographer employed by the grand jury; and (2) that the paragraph is good for the reason that it shows that after all the evidence had been submitted Thompson participated in the deliberations of the grand jury, and at and before the finding of said indictment "did then and there counsel, request and urge said grand jury upon the testimony before them to find this indictment," which acts on the part of Thompson were prohibited by §1980 Burns 1914, Acts 1905 p. 584, §109.

In passing, we may remark that the demurrer admits all the facts of the plea well pleaded, but, as this plea does not deny the merits of the prosecution and only tends to delay the remedy, it will be upheld only after strict construction, and, unaided by

any intendment or presumption of law or fact, it is found to be certain and conclusive against such supposable matter as can properly be replied. *State* v. *Comer* (1901), 157 Ind. 611, 62 N. E. 452; *Melville* v. *State* (1909), 173 Ind. 352, 358, 89 N. E. 490, 90 N. E. 467; *State* v. *Cooper* (1884), 96 Ind. 331; *Hardin* v. *State* (1864), 22 Ind. 347; *C. Callahan Co.* v. *Wall Rice, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418.

As to appellant's first contention, the plea fails to state that Thompson was not appointed specially by the court to assist the prosecuting attorney before the grand jury, and in the preparation of the indictment. This plea goes to the indictment, and in determining its sufficiency we may look to the indictment, and from which it will be seen that the appellant in this case was a deputy of Mann, the regular prosecuting attorney then in office, and who according to this plea was not responsible for Thompson's appointment. The nature and scope of the investigation then before the grand jury called for the aid and unbiased assistance from the prosecuting attorney's office. In the absence of a showing to the contrary, it is not unreasonable to assume that that office was friendly to its deputy. While there is no appearance of wrongdoing by the prosecuting attorney, yet it does not appear that he or his office was not under investigation. The facts before the court at the time the special prosecuting attorney was appointed are not before us, and, in the absence of a contrary showing the presumption in favor of the regularity of the proceedings of the trial court must prevail. True, we have no statute expressly authorizing the appointment of a special prosecuting attorney to appear before the grand jury, or to assist the prosecuting attorney in the trial of criminal causes, yet this court has recognized the in-

herent power and duty of courts having general juris-
diction of criminal matters to appoint attorneys to assist
the prosecutor in the trial of criminal cases.    *Tull* v.
*State, ex rel.* (1884), 99 Ind. 238; *Wood* v. *State* (1883),
92 Ind. 269.    This court, in *Board, etc.* v. *McGregor*
(1908), 171 Ind. 634, 87 N. E. 1, 17 Ann. Cas. 333,
while recognizing the expediency and desirability of the
state having such assistance in important and difficult
criminal causes, was impressed with the view that the
duty of providing for such emergencies rests primarily
with the legislature; however, the inherent power of
the court to make such appointments was recognized,
and we still adhere to the doctrine that the question is
one for the sound discretion of the trial court.    *Dukes*
v. *State* (1858), 11 Ind. 557, 71 Am. Dec. 370; *State,
ex rel.* v. *Ellis* (1915), 184 Ind. 307, 112 N. E. 98; *Peo-
ple* v. *Northup* (1914), 184 Ill. App. 638, 646.    The al-
legations of this paragraph in this particular are not
sufficient to overcome the presumptions which may prop-
erly be indulged against it.

Appellant's second insistence presents a more trouble-
some question.    If the alleged facts could reasonably
be considered as showing a mere irregularity, and
not calculated to injure the persons indicted, we
would not hesitate to declare the paragraph in
question insufficient.    In this particular it cannot be
said that the special prosecutor was vested with more
authority or greater privileges than the regular prose-
cuting attorney.    Conceding that he had the same
rights, privileges and authority in the particular case,
it follows that the sphere of his action is circumscribed
by the statutory provisions applicable to regular prose-
cuting attorneys.    By §9406 Burns 1914, §5864 R. S.
1881, it is made the duty of prosecuting attorneys within
their respective jurisdictions to conduct all prosecutions
for felonies or misdemeanors.    By §1980, *supra:*    "The

prosecuting attorney or his deputy shall be allowed at all times to appear before the grand jury, for the purpose of giving information relative to any matter cognizable by it, or advice upon any legal matter when required; and he may interrogate witnesses before the grand jury, when the jury or he deem it necessary, *but no prosecuting attorney, officer or persons shall be present with the grand jury during the expression of their opinions or in giving their votes upon any matter before them.*" (Our italics.)   By this section it was the purpose of the legislature to exclude all persons from the presence of the grand jury during the expression of their opinions or in giving their votes, and for the obvious purpose not only to prevent the abuse of official privilege, but to leave the grand jurors free to act upon their own impressions of the evidence and law as to all matters finally submitted to them, uninfluenced by the presence or suggestions of any other person.

Appellant claims the protection of this statute, and shows that after all the evidence had been submitted, and at and before the finding of said indictment Thompson did then and there counsel, request and urge the grand jury upon the testimony before them to find this indictment, and did procure the said grand jury to find and return the same.   In other words, this language can mean nothing more nor less than that Thompson was present and actively insisting that appellant be indicted "upon the testimony before them."   It would be a forced and unauthorized construction of the language as set forth in this plea to say that Thompson's activities occurred only during the time of investigating the charge, and prior to the time when the grand jury expressed their opinions or gave their votes, but such must be the construction if this case is to be ruled by the case of *State* v. *Bates* (1897), 148 Ind. 610, 612, 48 N. E. 2.

· The case of *Shattuck* v. *State* (1858), 11 Ind. 473, which was based upon the common-law practice, is cited in support of the rule in the Bates case. A careful reading of the Shattuck case will disclose that the plea then under consideration was obscurely worded. In other words the court was not able to see from the wording thereof that the "discussion" before the grand jury by the prosecutor's assistants amounted to more than advice on questions of law, and it not certainly appearing that such assistants took part during the time the grand jurors were expressing their opinions or giving their votes, improper action was not shown; and as right action should be presumed, the plea was held insufficient. But it was held that the mere presence of such assistants at any time would not *per se* invalidate the finding. The soundness of this latter ruling has been questioned on the ground that the mere presence of such officer at the time of finding the indictment would seem to be an abuse of their official privilege. Thompson and Merriam, Juries §632. In this state, since 1881, the question of the presence of the prosecuting attorney before the grand jury has been controlled by statutory enactment. §1668 R. S. 1881. Prior to that time the common-law practice in this particular prevailed. We may assume that the legislature was advised as to the ruling in the Shattuck case, and its tendency to open the door to the grand jury room at a time when it should be closed, and, thus advised, it passed this statute to prevent any opportunity for suggestions or influences upon the grand jurors by mere presence of the prosecuting attorney during the prohibited period. *Commonwealth* v. *Berry* (1906), 29 Ky. Law 234; *Lewis* v. *Board, etc.* (1876), 74 N. C. 194. However, the plea now under consideration goes farther than mere presence. It charges affirmative activities of the special prosecutor in procuring the indict-

ment not only before, but at the time of finding the indictment, and upon the testimony before the grand jury. This action is condemned in the Shattuck case, wherein it is said that: "The advice given by the court, or prosecutor, could not legitimately be upon questions of fact, but was confined to questions of law; that is, neither could say to the jury that the facts were sufficient to authorize them to find a bill, no more than the judge should say to the petit jury, upon the trial, that they should return a verdict of guilty. In the one case, the inquiry is upon the question of 'a true bill' or not a true bill, and in the other, a trial of the question of 'guilty' or 'not guilty.'" In *People* v. *Bright* (1910), 157 Cal. 663, 109 Pac. 33, the court had before it §925 of the Penal Code of that state, which has reference to who may be present during the session of the grand jury, and provides that: "No person must be permitted to be present during the expression of their opinions, or giving their votes upon any matter before them." In that case that statute was construed to mean that no one was permitted to be present with the grand jurors during their deliberation and voting; that the expression in the Code, "during the expression of their opinions," means the deliberation of the grand jurors subsequently to investigation, and includes all the period after the evidence has been received, to and including the time of voting on the indictment. Section 285 Revised Laws of Minnesota, 1905, provides: "That no county attorney, sheriff, or other person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving of their votes upon any matter before them." In *State* v. *Slocum* (1910), 111 Minn. 328, 126 N. W. 1096, the Supreme Court construed this section to mean that the county attorney's presence is limited to the examination of witnesses. In

*Miller* v. *State* (1900), 42 Fla. 266, 28 South. 208, it appears that counsel was before the grand jury and was present during their investigation and deliberations and at the time of voting on the bill, "and being so present before said indictment was found, he did at such time *urge and request* the grand jury to find such indictment." (Our italics.) Sections 1780 and 3856 Florida Comp. Laws 1914, provide that the state's attorney, whenever required by the grand jury, shall attend them for the purpose of examining witnesses or giving advice on legal matters. The court, after referring to these sections, said: "The statute does not contemplate that such counsel may advise the grand jury to find bills upon the testimony before them. * * * To urge and request a grand jury to find a particular bill after examination of evidence in the case includes the view that the attorney so urging and requesting is of the opinion that the evidence justifies such conclusion, and this is clearly beyond the province of such attorney." In *Stuart* v. *State* (1896), 35 Tex. Cr. 440, 34 S. W. 118, it is said: "We apprehend that 'discussing the propriety of finding a bill of indictment,' and 'deliberating upon the accusation against the defendant,' mean the same thing. Mr. Webster defines 'deliberating' as the 'act of weighing and examining the reasons for and against a choice of measures; careful discussion and examinations of the reasons for and against a proposition.'"

In the case at bar it appears that the special prosecutor was present with the grand jury at a time prohibited by statute. This being true, he was there during such time as an unauthorized person, and his personal presence will be considered harmful, and it will not be necessary for the court to inquire as to the effect of his conduct. From our investigation of the authorities, we conclude that the great weight is upon the side that there must be no opportunity for im-

proper influences upon the grand jury after the investigation is closed.   *United States* v. *Edgerton* (1897), 80 Fed. 374; *United States* v. *Rubin* (1914), 218 Fed. 245; *Rothschild* v. *State* (1880), 7 Tex. App. 519; *United States* v. *Heinze* (1910), 177 Fed. 770; *Latham* v. *United States* (1915), 226 Fed. 420, 141 C. C. A. 250, L. R. A. 1916D 1118; *Wilson* v. *State* (1893), 70 Miss. 595, 13 South. 225, 35 Am. St. 664; *United States* v. *Philadelphia, etc., R. Co.* (1915), 221 Fed. 683; Thompson and Merriman, Juries §634; 2 Wharton, Crim. Proc. (10th ed.) §1295; 16 Col. Law Review 158; Clark, Crim. Proc. 113.

It cannot be said that the pleader is here relying upon conclusions and has failed to allege facts, in that he has not set forth what was said and done by the special prosecutor in the way of influencing the jury.- The words "counsel, request and urge" as used in this plea, have a well-defined and understood meaning, so that, as here used, they were sufficient to inform the court that Thompson had advised the grand jurors as to their duty upon the testimony before them and of his desire that they find this indictment.   This action on the part of the special prosecutor was improper, and the trial court erred in sustaining appellee's demurrer to the eighth paragraph of appellant's plea in abatement.

Judgment reversed, with instructions to grant a new trial and overrule appellee's demurrer to the eighth paragraph of appellant's plea in abatement, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 123 N. E. 209.   Conspiracy: sufficiency of indictment as to object of and means of accomplishing crime, 21 Ann. Cas. 34.   Validity of acts of deputy or special prosecuting attorney, Ann. Cas. 1918A 718.   Presence of court officer in grand jury room as vitiating indictment, Ann. Cas. 1912D 978.   See under (4, 8) 22 Cyc 348, 12 C. J. 614 (7) 22 Cyc 295.