## MAYHEW *v.* STATE OF INDIANA.

[No. 23,742. Filed October 27, 1920.]

1. INDICTMENT AND INFORMATION.—*Amendment of Affidavit after Transfer of Case from Juvenile to Criminal Court.*—In a prosecution originating in the juvenile court under Acts 1917, ch. 111, §§1, 2, §§1641, 1648 Burns' Supp. 1918, for contributing to delinquency, and transferred upon change of venue to the criminal court, the jurat to the affidavit may be amended in the latter court, under §2043 Burns 1914, Acts 1905 p. 584, §172, and a refusal by the court, upon such amendment being made, to dismiss the charge against the accused on account of there having been a defect in such jurat when the affidavit was filed in the juvenile court, is proper. p. 549.

2. INFANTS.—*Contributing to Delinquency.—Encouraging Girl to Commit Adultery and Fornication. — Certainty. —* An affidavit charging the accused with a violation of Acts 1917, ch. 111, §2, §1648 Burns' Supp. 1918, by having caused and encouraged a

girl under the full age of eighteen years to commit an act of delinquency, by encouraging her to be guilty of indecent and immoral conduct, namely adultery and fornication, but which fails to state the names of the persons with whom said acts of adultery or fornication were committed, or that the names of such persons were unknown, fails to define the offense with such certainty that an acquittal or conviction upon such charge would bar a subsequent prosecution, and is therefore insufficient.  p. 552.

3.  INFANTS.—*Contributing · to Delinquency.—Permitting Girl to . Enter and Remain in House of Prostitution.—Knowledge.—* Knowledge by the accused that the house was a house of prostitution, is, by Acts 1917, ch. 111, §2, §1648 Burns' Supp. 1918, made an essential element of the offense of causing or encouraging a girl under the full age of eighteen years to commit an act of delinquency by permitting any such child to enter or remain in any house of prostitution; and therefore an affidavit charging that the accused permitted such a girl to enter and remain in such a house, but which fails to charge that the accused knew its character, is insufficient to state such offense.  p. 553.

4.  INDICTMENT AND INFORMATION.—*Distinguishing Violation.—Particulars.—*An accused has a right to require that any crime alleged against him be charged with sufficient certainty to enable him to distinguish it from any other violation of the same statute, and to know not only that he is charged with a public offense but also such particulars thereof as will enable him to anticipate the proof which shall be adduced against him and to prepare to meet it.  p. 553.

5.  INDICTMENT AND INFORMATION.—*Material Facts.—Certainty.—* All the material facts necessary to constitute an offense as defined by statute must be stated in a criminal pleading, and the particular crime with which the accused is charged must be preferred with such reasonable certainty as will enable the court and jury to distinctly understand what is to be tried and determined, and as will fully inform the accused of the particular charge he is to meet, and the averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder.  p. 553.

6.  INFANTS.—*Contributing to Delinquency.—Encouraging to Associate with Immoral Persons.—Certainty.—*An affidavit fails to state with sufficient certainty any offense defined by Acts 1917, ch. 111, §2, §1648 Burns' Supp. 1918, though containing an averment that the accused had caused and encouraged a female child under the full age of eighteen years to associate with immoral persons, said averment following one charging accused with having permitted the girl to enter and remain in a house

of prostitution, and it not being apparent, from an examination of the affidavit, whether the former averment refers to persons met in the house of prostitution or to other persons met at other times and places. p. 554.

From Marion Criminal Court (50,112); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Elizabeth Mayhew. From a judgment of conviction, the defendant appeals. *Reversed.*

*Holmes & McAllister,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

WILLOUGHBY, J.—The appellant was convicted in the criminal court of Marion county on a charge of contributing to the delinquency of a female child under the age of eighteen years. The judgment was that she pay a fine of $300 and costs, and be imprisoned in the correctional department of the Indiana Woman's Prison for a term of six months, and from such judgment she appeals and assigns as error that: (1) The court erred in overruling the appellant's motion to dismiss the affidavit and prosecution in this cause. (2) The court erred in overruling appellant's motion to quash the affidavit. (3) The court erred in overruling appellant's motion in arrest of judgment.

The affidavit which was filed in the juvenile court on July 28, 1919, is as follows: "Orville Hudson, being duly sworn, upon his oath says that he is informed and believes that Elizabeth Mayhew, late of Marion county, Indiana, did on or about the 28th day of July, 1919, and within said county and state, unlawfully cause and encourage one Elsa Gorham, a

girl under the age of eighteen years to commit an act of delinquency, as defined in the statute in such case made and provided, in this, to wit: By then and there encouraging said Elsa Gorham to be guilty of indecent and immoral conduct, to wit, adultery and fornication and by then and there permitting said Elsa Gorham to enter and remain in a house of prostitution then and there situate and by then and there causing and encouraging said Elsa Gorham to associate with immoral persons, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Indiana.''

On July 29, 1919, the defendant filed an affidavit and motion for change of venue and in such affidavit asked that the venue be changed to the criminal court of Marion county, Indiana. The motion was sustained and the venue changed to the Marion Criminal Court September 2, 1919. On January 8, 1920, the defendant moved to dismiss the prosecution for the reason that the jurat to the affidavit filed in the juvenile court was insufficient. This motion was overruled. On the same day the affidavit was amended by the prosecuting attorney by reswearing affiant thereto, and attaching the jurat of such prosecutor to such amended affidavit.

The defendant then filed a motion to quash the amended affidavit for the reasons that: (1) ''Said affidavit does not state facts sufficient to constitute a public offense. (2) The affidavit does not state the offense with sufficient certainty.''

This motion being overruled by the court, the defendant waived arraignment and entered a plea of ''not guilty,'' and on this issue appellant was tried.

The amendment of the affidavit by the prosecuting

attorney was authorized by statute, §2043 Burns 1914, Acts 1905 p. 584, §172, and the court properly

1.  refused to dismiss the charge against the defendant on account of a defect in the jurat to the affidavit filed in the juvenile court.

The appellant's motion to quash assigns two of the causes named in §2065 Burns 1914, Acts 1905 p. 584, §194. The first cause named is that the facts stated in the affidavit do not constitute a public offense; the other that the affidavit does not state the offense with sufficient certainty.

This prosecution is founded upon §§1, 2, ch. 111, Acts 1917 p. 341, §1641 Burns' Supp. 1918. Section 1 of said act provides:

"That the words 'delinquent child' shall include any boy under the full age of sixteen (16) years and any girl under the full age of eighteen (18) years;

Who shall violate any law of this state or any ordinance of a city;

Or who is incorrigible;

Or who knowingly associates with thieves or other vicious or immoral persons;

Or who is growing up in idleness or crime;

Or who knowingly visits or patronizes any policy shop or place where any gaming device is or shall be operated;

Or who patronizes, visits or enters any saloon or wine room where intoxicating liquors are sold;

Or who knowingly patronizes, visits or enters any public poolroom or bucket shop;

Or who wanders about the streets of any city in the nighttime without being on any lawful business or occupation;

Or who wanders about in any railroad yards or upon railroad tracks;

Or who jumps upon any moving train or enters any car or engine without lawful authority;

Or who uses vile, obscene, vulgar, profane or indecent language;

Or who smokes cigarettes;

Or who loiters about any school building or school yard;

Or who is guilty of indecent or immoral conduct;

Any boy under the full age of sixteen (16) years or any girl under the full age of eighteen (18) years who shall commit any of the acts herein specified shall be deemed a delinquent child and shall be proceeded against as such in the manner provided by law for the prosecution of persons charged with misdemeanors, and upon conviction thereof, may be released on probation or may be dealt with by the court in such manner as may appear to be for the best interest of the child.''

Section 2 of said act (§1648 Burns' Supp. 1918) provides:

"It shall be unlawful for any person to cause or encourage any boy under the full age of sixteen (16) years, or any girl under the full age of eighteen (18) years;

"To commit any act of delinquency as defined and specified in section one (1) of this act;

"Or for any purpose to send, or cause to be sent, any such child to, or permit any such child to enter or remain in, any house of prostitution,

or any saloon or wine room where intoxicating liquor is sold, or any policy shop, or gambling place, or any pool room or any bucket shop, knowing them to be such;

"Or to knowingly encourage, contribute to or in any way cause any such child to violate any law of this state or the ordinance of any city;

"Or to knowingly permit, contribute to, encourage or cause any such child to be guilty of any vicious or immoral conduct.

"And any person so offending shall be guilty of a misdemeanor, and may be tried for such offense in the juvenile court, and upon conviction shall be punished by fine or imprisonment, or both: *Provided*, That all trials of persons charged with contributing to the delinquency of a child shall be conducted by the prosecuting attorney in accordance with the rules and procedure under which such trials are now conducted in the criminal court or in the circuit courts' while exercising criminal jurisdiction; and any person convicted shall have the right of appeal to the appellate court; And, *Provided further*, That any person so charged with contributing to the delinquency of a child shall be entitled to a change of venue from such juvenile court upon such person filing an affidavit that he believes he cannot have a fair and impartial trial before the judge of such juvenile court because of the bias, interest or prejudice of such judge against such person, and thereupon the trial of such person shall be before a special judge appointed by such judge, except where there is a criminal court in the county in which such juvenile court is held, then the trial

of such person shall be transferred to such criminal court for trial.''

The affidavit in this case charges that appellant encouraged the girl to be guilty of indecent and immoral conduct, and also says that the indecent and immoral conduct of which it is charged she was guilty was adultery and fornication, but it does not state with whom said acts of adultery and fornication were committed, nor that the names of such persons were unknown. The affidavit further says that this indecent and immoral conduct consisted of permitting the girl to enter and remain in a house of prostitution, but fails to state that appellant knew such house to be a house of prostitution. It also states that the appellant was guilty of causing and encouraging the said girl to associate with immoral persons, but does not state where the association took place, nor who the persons were who were alleged to be immoral, nor that the names of such persons were unknown, or whether either the appellant or the girl knew that they were immoral persons. It is clear that this affidavit cannot be construed as charging the appellant with causing and encouraging the girl to commit adultery or fornication, because the offense is not defined with such certainty that an acquittal or conviction upon such charge would bar a subsequent prosecution. It cannot be construed as a charge that appellant permitted the girl to enter and remain in a house of prostitution, because it does not allege that appellant knew that the house was a house of prostitution.

The statute makes knowledge upon the part of the appellant an essential element of the offense. It is

not enough to charge that appellant permitted and encouraged the girl to enter and remain in a house of prostitution, but it must also charge that appellant knew that it was a house of prostitution. The affidavit is therefore. insufficient upon that view of the case. If there is any other allegation in the affidavit charging appellant with any offense,. it must be found in the clause "by then and there causing and encouraging said Elsa Gorham to associate with immoral persons." From an examination of the affidavit it is not apparent whether this clause refers to persons whom the girl is alleged to have met in the house of prostitution named in the affidavit, or whether it refers to other persons at other times and places. The defendant has a right to require that any crime alleged against him must be charged with sufficient certainty as will enable him to distinguish it from any other violations of the same statute, and to know that he is charged, not only with a public offense, but also such particulars in relation thereto as will put it in his power to anticipate the proof which shall be adduced against him, and prepare to meet it.

All the material facts necessary to constitute an offense as defined by statute must be stated in a criminal pleading. *State* v. *Noland* (1867), 29 Ind. 212; *State* v. *Feagans* (1897), 148 Ind. 621, 48 N. E. 225; *Funk* .v. *State* (1898.), 149 Ind. 338, 49 N. E. 266.

The particular crime with which the accused is charged must be preferred with such reasonable certainty by the essential averments in the pleading as will enable the court and jury to distinctly understand what is to be tried and determined, and fully

inform the defendant of the particular charge he is to meet. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder. *Funk* v. *State, supra; Padgett* v. *State* (1906), 167 Ind. 179, 78 N. E. 663.

6.      The affidavit did not state the offense with sufficient certainty, and for that reason should have been quashed, and the refusal of the trial court to do so was error.

In view of the conclusion reached upon the motion to quash, it is not necessary to consider the motion in arrest of judgment.

Judgment reversed, with instructions to sustain appellant's motion to quash the affidavit, and for further proceedings in accordance with this opinion.