## NIGH v. STATE OF INDIANA.

[No. 12,176.    Filed December 15, 1925.]

1. INDICTMENT.—*Defendant has right to require that crime be charged with sufficient certainty to enable him to distinguish it from other violations of the statute and to be prepared to meet it.*—The defendant has a right to require that any crime with which he is charged shall be charged with sufficient certainty to enable him to distinguish it from other violations of the same statute and to know the particulars thereof so as to anticipate the proof which likely will be adduced against him and prepare to meet it.    p. 713.

2. CRIMINAL LAW.—*Defendant cannot be convicted of crime unless proof sustains the charge.*—A defendant cannot be convicted of a crime with which he is charged unless the proof sustains the charge.    p. 714.

3. PARENT AND CHILD.—*Evidence held insufficient to sustain conviction for neglecting his children.*—Evidence that defendant had been furnishing his wife and children a home, paying his wife $125 per month for home use in addition to $30 per month received by her as room rent, but that, on one occasion, it became necessary to use some of the rent money to purchase clothing for the children, *held* insufficient to sustain conviction for neglecting to furnish food clothing and shelter to such children.    p. 714.

From Marion Juvenile Court (A 21,960) ; *Frank J. Lahr,* Judge.

Claude H. Nigh was convicted in juvenile court of neglecting his minor children, and he appealed to the Appellate Court. *Reversed.* By the court in banc.

*James E. Bingham,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NICHOLS, C. J.—This is an appeal from a judgment rendered by the Juvenile Court of Marion county, Indiana.

The action against appellant was based upon an affidavit which charged that appellant did, "on or about the 22nd day of September, 1924, unlawfully and willfully neglect to furnish Gifford 6, Billy 3, and Robert Nigh 1½, with necessary food, clothing, shelter and medical attention; said Claude Nigh being then and there the father of said children all under the age of 16 years, and said minor children being then and there dependents of said Claude Nigh for education and support." It is to be observed that there is no charge of immoral conduct against appellant other than the charge of neglect to furnish food, clothing and shelter to his children.

There was a trial which resulted in a finding and judgment against appellant wherein he was fined $500 and costs, and sentenced to a term of 180 days on the Indiana State Farm. The sentence was suspended during good behavior.

As is stated in *Mayhew* v. *State* (1920), 189 Ind. 545 : "The defendant has a right to require that any crime alleged against him must be charged with sufficient certainty as will enable him to distinguish it from many other violations of the same statute, and to know that he is charged, not only with a

public offense, but also such particulars in relation thereto as will put it in his power to anticipate the proof which shall be adduced against him, and prepare to meet it."

This requirement of the law was complied with in the affidavit which was filed against appellant, but appellant may not be convicted of the crime of 2, 3. which he is charged unless the proof and the findings of fact sustain the charge. We have to say in this case that, while there is proof and finding of fact that show that the domestic relations between appellant and his wife were strained and that he had been guilty of improper association with other women, whether criminally so or not we do not say, yet there is a total absence of any proof or any finding that appellant had failed to furnish food, clothing, or medical attention for his children at any time. To the contrary, his wife, who was antagonistic to him, testified that the children at all times had sufficient clothing and shelter except that, in the winter two years before the trial, she had to make some clothing for the children and buy them some out of the room rent and that by so doing they had ample clothing. The room rent was $30 per month for certain rooms in their home for which appellant was at the time paying, on installment plan, $75 per month. By the undisputed evidence, he was, at the time of the trial and for sometime prior thereto had been, paying $125 to his wife for home use, this in addition to the $30 per month for the room rent.

Judgment reversed.